# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LAKETIA CURRY and** : <br> **DENISE CURRY,** *POA*, : <br>  : <br> **Plaintiffs,** : <br>  : <br> v. : <br>  : <br> **OCWEN LOAN SERVICING,** : <br> **LLC, and BANK OF AMERICA,** : <br> **N.A.,** : <br>  : <br> **Defendants.** : | **CIVIL ACTION FILE NO.** <br> **1:15-cv-03810-WSD-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff Laketia Curry filed an application to proceed *in forma pauperis* ("IFP") on October 30, 2015. [*See* Doc. 1]. The Court reviewed Laketia Curry's IFP application and determined that because she had failed to fully answer the questions set forth on the IFP application form and because Laketia Curry's co-plaintiff, Denise Curry, had not filed an affidavit of indigency, the Court lacked information sufficient to determine Plaintiffs' indigency status. [Doc. 2 at 3-6]. The Court also performed a preliminary frivolity review of Plaintiffs' complaint and found that neither plaintiff had signed it. [*Id.* at 1-3]. Accordingly, on November 30, 2015, the Court ordered both plaintiffs to file complete and correct applications to proceed IFP or pay the full filing

AO 72A
(Rev.8/8 2)

fee, and it granted them leave to file an amended complaint. [*Id*. at 6-7]. The Court further advised Plaintiffs that failure to comply with the Order would result in a recommendation to the District Court to dismiss the action. [*Id*. at 7].

On December 14, 2015, Plaintiffs filed an amended complaint. [Doc. 3]. Laketia Curry did not, however, file an amended application to proceed IFP, nor did Denise Curry file an application to proceed IFP, and neither plaintiff has paid the Court's filing fee. (*See* Dkt.). Plaintiffs also have not sought additional time to comply with the Court's Order. (*See* Dkt.). As a result, this action is subject to dismissal. *McIntosh v. Gauthier*, 182 Fed. Appx. 884, 886 (11th Cir. May 17, 2006) (stating that Federal Rule of Civil Procedure 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules, or with the local rules); *Sussman v. Salem, Saxon, & Nielson, P.A.*, 154 F.R.D. 294, 300 (M.D. Fla. 1994) (dismissal appropriate for "fail[ure] to obey a direct order of the court").

The Court has considered whether lesser sanctions would suffice in light of Plaintiffs' failure to comply with its Order. However, despite more than five months having passed since the Court's Order, Plaintiffs have not paid the Court's filing fee or taken any steps to show the Court that they are in fact unable to do so. A district court's dismissal is proper "where there is a clear record of 'willful' contempt and an

2

AO 72A
(Rev.8/8
2)

implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Moreover, "[d]ismissal is generally not an abuse of discretion when the litigant has been forewarned." *Sussman*, 154 F.R.D. at 300; *accord Moon v. Newsome*, 863 F.2d 835, 837 n.1 (11th Cir. 1989).  Plaintiffs were warned by the Court that noncompliance with the Court's Order would result in a recommendation of dismissal.  [Doc. 2 at 7].

The undersigned therefore **RECOMMENDS** to the District Court that it **DISMISS** the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3 of the Local Rules of this Court for failure to follow its lawful order.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 14th day of April, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE