IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LAKETIA CURRY and DENISE CURRY, POA**<br><br>**Plaintiffs,**<br><br>v.<br><br>**OCWEN LOAN SERVICING, LLC and BANK OF AMERICA, N.A.,**<br><br>**Defendants.** | 1:15-cv-3810-WSD |

### OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] ("R&R"). The R&R recommends the Court dismiss this action for failure to comply with a lawful order of the Court. Also before the Court are Plaintiffs Laketia Curry and Denise Curry's ("Plaintiffs") Objections to the R&R [6].

### I.     BACKGROUND

On October 30, 2015, Plaintiff Laketia Curry filed an application to proceed *in forma pauperis* ("IFP") [1]. The Magistrate Judge reviewed Laketia Curry's IFP application and determined that, because she failed to fully answer the questions set forth on the IFP application form and because Laketia Curry's co-plaintiff,

Denise Curry, had not filed an affidavit of indigency, the Court lacked information sufficient to determine Plaintiffs' indigency status.  The Magistrate Judge also performed a preliminary frivolity review of Plaintiffs' complaint and found that neither plaintiff had signed the complaint.  ([2] at 1-3).  On November 30, 2015, the Magistrate Judge ordered Plaintiffs to file complete and correct applications to proceed IFP or pay the full filing fee, and granted Plaintiffs leave to file an amended complaint.  (Id. at 6-7).  The Magistrate Judge advised Plaintiffs that failure to comply with his order would result in a recommendation to the Court to dismiss the action.  (Id. at 7).

On December 14, 2015, Plaintiffs filed an amended complaint [3].  Laketia Curry did not file an amended application to proceed IFP, Denise Curry did not file an application to proceed IFP, and neither plaintiff paid the Court's filing fee.

On April 14, 2016, the Magistrate Judge issued his R&R.  In it, he noted that, despite more than five months having passed since the Magistrate Judge's order, "Plaintiffs have not paid the Court's filing fee or taken any steps to show the Court that they are in fact unable to do so."  (R&R at 2).  The Magistrate Judge recommends the Court dismiss this action for failure to comply with a lawful order of the Court.

On June 3, 2016, Plaintiffs filed their "Motion for Reconsideration," which the Court construes as their Objections to the R&R. Plaintiffs claim "the documents requested by the Court were brought at the initial filing of the Complaint to support the Former Paupers [sic] status, but were not left with the Court." (Obj. at 2). They state: "You will find in 'EXHIBIT A' the copy of the Department of Labor wages, and also the copy of the SSA Awards letter for the Plaintiffs' [sic]." (Id.). Plaintiffs claim they have a "viable case," and "ask that the Court review the causes of the omission of the documents, and see that it was not willfully done, but only by mistake." (Id.). Plaintiffs did not include any exhibits with their objections. They did not file complete and correct applications to proceed IFP or pay the full filing fee.

## II.   ANALYSIS

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where no party objects to the R&R, and the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.     Discussion

As an initial matter, the Court notes that Plaintiffs were required to file their Objections within fourteen (14) days of service of the R&R.  (See April 14, 2016, Order for Service of R&R [5]).  Plaintiffs' Objections, filed nearly two months after the Magistrate Judge issued his R&R, are untimely, and the Court declines to consider them.  Even if the Court considered Plaintiffs' Objections, Plaintiffs have still failed to comply with the Magistrate Judge's order, and Plaintiffs' Objections do not offer any justification for their continued failure to comply.

On November 30, 2015, the Magistrate Judge ordered Plaintiffs to file complete and correct applications to proceed IFP or pay the full filing fee.  On April 14, 2016, more than four months after the Magistrate Judge's order, the Magistrate Judge issued his R&R, noting that "Plaintiffs have not paid the Court's filing fee or taken any steps to show the Court that they are in fact unable to do so." (R&R at 2).  Plaintiffs' Objections do not remedy this failure to pay the filing fee or to show the Court that they are unable to do so.  Plaintiffs' Objections also do not show why Plaintiffs have failed to comply with the Magistrate Judge's order, nor do Plaintiffs seek additional time to comply.  Nearly nine (9) months after Plaintiffs were ordered to file complete and correct IFP applications or pay the full filing fee, Plaintiffs have done neither.

Local Rule 41.3 authorizes the Court to dismiss a case for want of prosecution for failure to obey a lawful order of the Court.  See LR 41.3(A)(2), NDGa.  Plaintiffs failed to comply with the Magistrate Judge's order after being advised that failure to comply would result in a recommendation that the Court dismiss this action.  Under these circumstances, dismissal under Local Rule 41.3(A)(2) is warranted.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs Laketia Curry and Denise Curry's Objections [6] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to Local Rule 41.3(A)(2) for failure to comply with a lawful order of the Court.

**SO ORDERED** this 24th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE